Taliaeebro, J.
The plaintiff, alleging the defendant to be indebted to him in the sum of twenty-five hundred dollars, on account of partnership ■ transactions, in which he and defendant had been engaged several years ago in New Orleans, commenced this suit by attachment, regarding the defendant as a resident of the State of Illinois. Personal citation was ■ also made upon the defendant, who was at the time, of this proceeding in the parish of East Baton Rouge.
A motion was filed by defendant to dissolve and set aside the attachment, on the ground that the affidavit upon which it was founded is untrue, his residence being in New Orleans, and not in Illinois. The defendant also filed an exception to the jurisdiction of the Court, averring his domicile to be in New Orleans. The exception was sustained, and the attachment dissolved. The order sustaining the exception was rendered on the 17th July, 1865: that dismissing the attachment on the 15th of the same month. This appeal appears to have been taken from the last mentioned order. It is shown that the defendant left New Orleans in the *103 summer of 1861 to avoid tlie political agitation then pending here, and removed to Illinois, where he resided several years; that he returned to New Orleans in 1864 and opened an office, expressing his intention to return here. He again went to Illinois, and remained there a period of eight months, and came again to Louisiana, and was engaged in trade at .Baton Rouge. A witness states that defendant, shortly after going to Illinois in 1861, sold his property there in order to return to New Orleans; that he always spoke of New Orleans as his home; that his earlier return to New Orleans was prevented by obstacles arising from the war; that when he went to Baton Rouge it was on transient business. Another witness states that defendant paid office rent in New Orleans during his absence; that he left New Orleans in 1861 on account of his political sentiments, and the prejudice existing in New Orleans against persons of Northern birth; that he expressed his intention of returning to New Orleans. The evidence, on the part of the plaintiff is, that several judgments were rendered'against the defendant at Champaigne, in a circuit court of Illinois; that he said his family was living at Champaigne, Illinois, and that he said he had been doing business at St. Joseph, Missouri. A witness said that in October or November, 1864, defendant told him he had a lot of whiskey in St. Joseph, which he intended to send to Clark to be credited to his account.
We conclude with the District Judge, that the facts proved show that during the defendant’s absence from Louisiana, he was the greater part of the time on the wing; in Illinois, at Memphis, St. Louis and St. Joseph, and that he did not establish a domicile at any of these places; that he constantly evinced his intention to return to New Orleans; and that this fact, connected with others, make it sufficiently clear that his domicile was not changed by having gone to Illinois, and other places, and abiding there during the distracted condition of this country, consequent upon a state of war.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.